Opinion issued December 8, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00586-CV

———————————

Joseph G. Gartrell, Jr., Appellant

V.

Ernest
Joseph Wren and Beverly Sue Wren, Appellees



 



 

On Appeal from the 10th District Court

Galveston County, Texas



Trial Court Case No. 10CV2512

 



 

MEMORANDUM OPINION

          Appellant
Joseph G. Gartrell, Jr., a registered professional land surveyor, brings this
statutory interlocutory appeal.  He
complains that the trial court should have granted his motion to dismiss.  The alleged ground for dismissal was that
when appellees Ernest Joseph Wren and Beverly Sue Wren sued Gartrell for errors
contained in surveys prepared by him, they failed to fully comply with the
statute requiring a contemporaneously filed certificate of merit.  See
Tex. Civ. Prac. & Rem. Code Ann.
§§ 150.001–.003 (West 2011).  We find no
error in the denial of Gartrell’s motion, and accordingly we affirm.

Background

          Gartrell
performed two surveys on the Wrens’ residential property in 2000 and 2001.  According to Gartrell, the Wrens sued him in
2006, but they dismissed that lawsuit without prejudice, only to refile the
suit again in 2010.  The Wrens’ 2006
petition is not part of the record for this appeal, but the 2010 petition
alleged negligence and gross negligence related to Gartrell’s preparation of
the surveys.  The Wrens alleged that
Gartrell 

was negligent and fell below
the standard of care for surveyors in that he falsely described the two surveys
he prepared for [them] to contain acreage that was not part of the subject
property; that incorrectly showed on the latter survey prepared by James W.
Gartrell, Jr. the location of the house on the subject property; and that
included easements and/or “easements not shown” that did not exist on the
subject property.

 

The Wrens attached a certificate of merit to their
2010 petition—an affidavit from Christopher Trusky, a registered professional
land surveyor.  In it, Trusky stated that
he had examined the two surveys prepared by Gartrell.  He further attested:

4.       I have walked the subject property and have prepared a survey
of my own on the subject property;

5.       I find that the two surveys of Mr. Gartrell, Jr. are incorrect
and note the following:

a.       The two surveys incorrectly show the acreage of the subject
property;

b.       The second survey, which was prepared on or about October
l, 2001, incorrectly shows the location of the house located on the
subject property;

c.       The two surveys incorrectly state that there are pipeline easements
and/or “easements not shown” that do not exist on the subject property or that
physical evidence does not support.

6.       It is my opinion that Mr. Gartrell, Jr. failed to use proper
care in connection with the two surveys described above and that this failure
and breach of the standard of care required of Mr. Gartrell, Jr. was the
proximate cause of loss by Joseph and Beverly Wren.

7.       I have read this affidavit, and every statement contained in
it is true and correct and is within my personal knowledge.

          Gartrell
generally denied the allegations, pleaded the affirmative defense of
limitations, and moved to dismiss under Chapter 150 of the Civil Practice and
Remedies Code.  He objected that the
certificate of merit was untimely because no such certificate had been filed in
2006 with the previous petition.  The
motion to dismiss also alleged that the certificate of merit was substantively
insufficient for four reasons: (1) inadequate specificity as to the alleged
error concerning “acreage of the subject property”; (2) inadequate specificity
as to the alleged error concerning “location of the house”; (3) an equivocal
reference to easements on the survey; and (4) failure to address the applicable
standard of care.  Gartrell also objected
that the certificate of merit did not satisfy the statute because Trusky was
originally “employed” by the Wrens in connection with the sale of their
property, and therefore he was “not a disinterested ‘third party’ within the
meaning and intent of Chapter 150.”

          The
trial court rejected Gartrell’s arguments and denied the motion to
dismiss.  On appeal, Gartrell reurges the
same arguments he presented to the trial court, which we summarize as: (1)
because the Wrens did not file a certificate of merit in the earlier lawsuit,
their current lawsuit should be dismissed; (2) the certificate of merit was
insufficiently specific as to the area of the real property, the location of
the house, and the description of easements; (3) it also lacked specificity
because it did not state a standard of care; and (4) Trusky was not an
appropriate third party affiant.

Standards of Review

          We
review a trial court’s ruling on a motion to dismiss for failure to file a
certificate of merit under an abuse of discretion standard.  Curtis
& Windham Architects, Inc. v. Williams, 315 S.W.3d 102, 106 (Tex. App.—Houston
[1st Dist.] 2010, no pet.).  A trial
court abuses its discretion when it acts in an arbitrary or unreasonable manner
without reference to guiding rules or principles.  Id.  We cannot say that a trial court has abused
its discretion merely because this Court would decide a discretionary matter
differently in a similar circumstance, and we may not substitute our own
judgment for that of the trial court.  Id.  However, a trial court has no discretion in
determining what the law is or in applying the law to the facts.  Id.
(quoting Walker v. Packer, 827 S.W.2d
833, 840 (Tex. 1992)).

We review questions of statutory
construction de novo.  Id. (citing City of San Antonio v. City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003)).
 In construing statutes, our primary goal
is to determine and give effect to the legislature’s intent, and we begin with
the plain language of the statute and apply its common meaning.  Id.  When the statutory text is unambiguous, we
adopt a construction supported by the statute’s plain language, unless that
construction would lead to an absurd result.  Id.
(citing Fleming Foods of Tex., Inc. v.
Rylander, 6 S.W.3d 278, 284 (Tex. 1999)).

Analysis

The original petition giving rise
to this appeal was filed on August 31, 2010. 
Accordingly, the current version of Chapter 150 of the Civil Practice
and Remedies Code applies.  Section
150.002 requires that a plaintiff suing for damages arising from the provision
of professional services by a licensed or registered professional must file a
certificate of merit “with the complaint.” 
Tex. Civ. Prac. & Rem. Code
Ann. § 150.002(a).  The
certificate of merit is an affidavit of a third-party licensed professional who
is competent to testify and holds the same professional license or registration
as the defendant, and who is knowledgeable in the area of practice of the
defendant.  Id. § 150.002(a)(1)–(3). 
To satisfy the requirement of a certificate of merit, the affiant must
offer testimony based on the person’s knowledge, skill, experience, education,
training, and practice.  Id. § 150.002(a)(3).  In addition,

The
affidavit shall set forth specifically for each theory of recovery for which
damages are sought, the negligence, if any, or other action, error, or omission
of the licensed or registered professional in providing the professional
service, including any error or omission in providing advice, judgment,
opinion, or a similar professional skill claimed to exist and the factual basis
for each such claim. The third-party licensed architect, licensed professional
engineer, registered landscape architect, or registered professional land
surveyor shall be licensed or registered in this state and actively engaged in
the practice of architecture, engineering, or surveying.

 

Id.
§ 150.002(b).  Failure to file a
certificate of merit in accordance with the statute shall result in dismissal,
which may be with prejudice.  See id. § 150.002(e).

I.                 
Effect of prior lawsuit

Gartrell argues that the Wrens
first raised their claims in a prior lawsuit filed years earlier.  He asserts that they filed no certificate of
merit before voluntarily filing a nonsuit of that action.  At the hearing on his motion to dismiss the
2010 action, Gartrell conceded that he did not seek dismissal of the prior suit
due to the Wrens’ failure to file a certificate of merit.

Without expressing any opinion
about the viability of Gartrell’s legal theory that the failure to file a
certificate of merit with the 2006 petition requires dismissal of the
subsequent 2010 lawsuit, the first step of analysis under this theory would
require us to examine the 2006 petition to determine whether a certificate of
merit was required.  That petition from
the earlier lawsuit was not provided to the trial court in support of
Gartrell’s motion to dismiss, and it is not part of the record in this
appeal.  Thus we have no basis to
conclude that a certificate of merit was required to be filed with the 2006
petition, and we also cannot conclude that dismissal of the 2010 petition was
required for that reason.  See Tex.
R. App. P. 33.1(a) (preservation of error requires showing of complaint
and trial court action on record).

II.              
Sufficiency of physical description

The adequacy of the Wrens’
certificate of merit was challenged because Trusky merely alleged survey errors
concerning acreage, location of the house, and existence of easements.  Gartrell argues that Trusky’s failure to describe
particular errors in his observation or computation renders the affidavit
insufficiently specific.

The statute requires that the
affidavit set forth “specifically” for each theory of recovery “the negligence,
if any, or other action, error, or omission” of the defendant “and the factual
basis for each such claim.”  See Tex.
Civ. Prac. & Rem. Code § 150.002(b). 
Trusky testified by affidavit that he had “walked the subject property
and [had] prepared a survey of [his] own on the subject property.”  We hold that this statement provided the
required “factual basis” for his statements identifying Gartrell’s alleged
errors.

Gartrell contends that an expert
report must list specific “objectively verifiable” acts, errors, or
omissions.  In support of that argument,
he argues that the certificate of merit at issue in Howe-Baker Engineers Ltd. v. Enterprise Products Operating, LLC,
No. 01-09-01087-CV, 2011 WL 1660715, at *6 (Tex. App.—Houston [1st Dist.] Apr.
29, 2011, no pet.) (mem. op.), survived scrutiny because the affiant included
several objectively verifiable acts, errors, or omissions.  However, the specificity of the factual basis
for errors identified in the affidavit was not at issue in that case.  Rather the appellant in Howe-Baker challenged the sufficiency of the affidavit based on the
affiant’s qualifications, whether the affidavit addressed both of two projects
for which the plaintiff sought damages, and whether the affidavit addressed the
negligence of a codefendant, against whom the plaintiff alleged only a theory
of vicarious liability.  See Howe-Baker, 2011 WL 1660715, at *4–7.

Similarly, Gartrell asserts that
the certificate of merit in Elness
Swenson Graham Architects, Inc. v. RLJ II-C Austin Air, LP, No.
03-10-00805-CV, 2011 WL 1562891, at *5 (Tex. App.—Austin Apr. 20, 2011, pet.
denied) (mem. op.), was sufficient only because of its “objective
specificity.”  But the issues in that
case were whether the affiant was qualified and whether the affidavit needed to
recite a standard of care.  See Elness Swenson, 2011 WL 1562891, at
*2–5.  Moreover, the certificate of merit
held to be adequate in that case appears
to have been similar to Trusky’s affidavit in terms of its specificity.  The affidavit alleged that Elness Swenson
deviated from the standard of care by “(1) failing to advise the geotechnical
consultant of the final finished floor elevations, (2) failing to provide
effective drainage around the building, (3) failing to design a recommended
wall drain, and (4) failing to specify backfill of cohesive (clay) soil around
the building to control surface water percolation.”  Id.  The affidavit identified the alleged errors
but did not describe how or why the errors occurred.  Id.  Similarly, Trusky’s affidavit stated the
alleged errors, i.e., that Gartrell deviated from the standard of care by: (1)
incorrectly showing the acreage of the subject property, (2) incorrectly
showing the location of the house located on the subject property, and
(3) incorrectly stating that there were pipeline easements “and/or easements
not shown” that did not exist on the subject property or that physical evidence
did not support.

Gartrell also argues that the
certificate of merit was insufficient because it did not address the applicable
standard of care.  Trusky’s affidavit did
state that Gartrell “failed to use proper care in connection with the two surveys”
and that “this failure and breach of the standard of care” caused the Wrens’
damages.  But Trusky provided no further
detail in describing the applicable standards of care or how Gartrell allegedly
failed to satisfy them.  However, the
statute does not expressly require the affiant to state the applicable standard
of care as part of the “factual basis” for the professional’s alleged
error.  See Tex. Civ. Prac. &
Rem. Code § 150.002(b).  By
contrast, the Legislature has expressly required a description of the standard
of care in an analogous context.  An
expert report required to be filed in support of a health care liability claim
must provide:

a fair summary of the expert’s
opinions as of the date of the report regarding applicable standards of care,
the manner in which the care rendered by the physician or health care provider
failed to meet the standards, and the causal relationship between that failure and
the injury, harm, or damages claimed.       



Id. § 74.351(r)(6)
(West 2011); see also Elness Swenson,
2011 WL 1562891, at *5.  We conclude that
a Chapter 150 certificate of merit need not include an express description of
the applicable standard of care and how it allegedly was violated in order to
provide an adequate “factual basis” for the identification of professional
errors.

III.          
Third-party affiant requirement

Finally, we consider Gartrell’s contention
that Trusky was not a third-party licensed professional within the meaning of Chapter
150 because he had been employed by the Wrens and purportedly had corrected
parts of the surveys he criticized in his affidavit.  Nothing in the statute expressly precludes a
third-party fact or expert witness from serving as the third-party
affiant.  See Tex. Civ. Prac. &
Rem. Code Ann. §§ 150.001–.003. 
This is consistent with the conventional and common-sense understanding
of a “third party” as “[a] person who is not a party to a lawsuit, agreement or
other transaction but who is usually somehow implicated in it; someone other
than the principal parties.”  Black’s Law Dictionary 1617 (9th ed.
2009).  Trusky is not the plaintiff, the
defendant, or an officer or agent of either. 
He is a person other than the principal parties to the litigation and
is, therefore, a third party with respect to the lawsuit.  

Conclusion

Having considered all of the
arguments and examined the certificate of merit in light of the statute, we
conclude that Gartrell has failed to demonstrate any abuse of discretion by the
trial court’s denial of his motion to dismiss. 
We overrule Gartrell’s sole issue and affirm the judgment of the trial
court.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Massengale.